IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| TDC LENDING, LLC., a Utah limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>PRIVATE CAPITAL GROUP, INC., a Utah Corporation, et al.,<br><br>    Defendants. | **MEMORANDUM DECISION & ORDER**<br><br>Case No. 2:17-CV-00188-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

This matter was referred to the court under 28 U.S.C. § 636(b)(1)(A). (ECF No. 3). This matter is presently before the court on Defendant Private Capital Group's ("Private Capital") Motion for Mandatory Joinder. (ECF No. 29). The motion is fully briefed. (*See* ECF Nos. 31, 33). The court did not hear oral argument. The court will deny Private Capital's motion because it finds the persons Private Capital seeks to bring into this lawsuit are not required parties under Rule 19, as discussed below.

## PARTIES' ARGUMENTS

Private Capital argues that JT Johnson, Jr., Derrick Robinson, and Jabar Langford (collectively "Proposed Defendants") must be joined in this suit under Rule 19(a)(1). (ECF No. 29). Private Capital contends the Proposed Defendants committed identity theft and intercepted loan proceeds related to a loan Private Capital "service[d]" for TDC. (*Id.* at 2–3). Private Capital contends complete relief cannot be afforded in the absence of Proposed Defendants because TDC's case is "premised on the Loan Agreement and the harm caused by" Proposed Defendants. (*Id.* at 6). Next, Private Capital argues the Proposed Defendants have an interest in this lawsuit

because the only manner in which TDC can prove it suffered damages is by establishing breach of a Loan Agreement involving Proposed Defendants. (*Id.* at 7). Private Capital also argues the Proposed Defendants' conduct is "inseparable" from the alleged fraud. (*Id.* at 8). Finally, Private Capital argues there is a risk that it or TDC might obtain "inconsistent judgments" if they complete this lawsuit and later pursue the Proposed Defendants. (*Id.* at 9).

TDC argues the court should deny the motion because Proposed Defendants are not required parties. (ECF No. 31). TDC contends this lawsuit is about Private Capital's marketing and sale of securities to TDC and Private Capital's breach of a contract or contracts related to the same transaction. (*Id.* at 2). While TDC concedes the Proposed Defendants' conduct is related to its claims, TDC argues Private Capital's alleged misconduct can be addressed without joining the Proposed Defendants. (*Id.* at 2). TDC contends the court can afford complete relief amongst the existing parties because TDC seeks only money damages for Defendants' proportional fault arising from their alleged conduct. (*Id.* at 4–5). Next, TDC argues the Proposed Defendants have no legally-protected interest in this case because TDC's contract claims against Private Capital relate only to contracts between the existing parties, not the contracts Private Capital may have had with Proposed Defendants. (*Id.* at 8). Also, TDC contends Private Capital has not described how Proposed Defendants' legally-protected interest will be impaired by this litigation. (*Id.* at 8–9). Finally, TDC argues there is no risk of inconsistent obligations because disposing of this action does not expose any existing party to a risk of inconsistent obligations.

## **DISCUSSION**

### I. **The court will deny the motion for joinder because the individuals sought to be joined are not required.**

Private Capital has not persuaded the court that the Proposed Defendants are required parties because it has not satisfied the elements of Rule 19. A person must be joined if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).[1] The court enjoys discretion when determining whether a party is required under Rule 19. *Sac & Fox Nation of Missouri v. Norton*, 240 F.3d 1250, 1258 (10th Cir. 2001). Private Capital argues the Proposed Defendants must be joined under both subsection (A) and (B) of Rule 19.

### a. Proposed Defendants are not necessary to afford complete relief

Private Capital has not persuaded the court that the Proposed Defendants are necessary because Private Capital has not identified any unavailable relief sought by TDC. As TDC points out, the complete relief prong of Rule 19 pertains to whether a party's absence prevents a plaintiff from obtaining requested relief. *Sac and Fox Nation* at 1258. Rather than attempt to identify some relief that is not available, Private Capital engages in an argument about causation. In this way, Private Capital apparently attempts to transform this case into a breach of contract matter involving the parties and Proposed Defendants. It is not. TDC primarily alleges Private Capital and others misstated or omitted material information. (*See* ECF Nos. 5, 35). While TDC pleads a claim for breach of contract against Private Capital, this claim primarily refers to an escrow agreement between only those two extant parties. (ECF No. 5 at 13–14; ECF No. 35 at 38–39). Proposed Defendants may be useful witnesses in this case, but they are not necessary to afford complete relief. If anything, Private Capital's motion suggests the Proposed Defendants

---

[1] Rule 19 contains other requirements that are not in dispute here. (*See* ECF No. 31 at 3).

are much more relevant to its defenses than to TDC's allegations. Even so, Private Capital has made no effort to file a third-party complaint against the Proposed Defendants.

### b. Proposed Defendants do not claim an interest related to the subject of this lawsuit

Private Capital does not describe any nonfrivolous interest claimed by Proposed Defendants. For purposes of Rule 19, a claimed interest does not include claims that are "patently frivolous." *Davis v. United States*, 192 F.3d 951, 959 (10th Cir. 1999). Private Capital claims the Proposed Defendants have an interest in a "Loan Agreement." (ECF No. 29 at 7). Yet Private Capital never explains the nature of that interest. Instead, Private Capital describes a scenario in which the Proposed Defendants' only relationship to the Loan Agreement is that they committed identity theft and absconded with loan proceeds, which were intended for a third party. (*Id.* at 2–3). Under this set of circumstances, it is unclear to the court what nonfrivolous interest the Proposed Defendants could claim in the Loan Agreement. Presumably, Private Capital does not assert there is a nonfrivolous argument that the Proposed Defendants were entitled to take these actions under the terms of the Loan Agreement. Indeed, such a claim appears to be at odds with Private Capital's proffered facts.[2]

Next, TDC points out that it seeks not to enforce or interpret the Loan Agreement, but instead claims that Private Capital breached agreements with TDC, irrespective of Proposed Defendants' purported breach of the Loan Agreement. (ECF No. 31 at 8). Thus, TDC's contract claims do not require the court to determine whether Proposed Defendants complied with the Loan Agreement. Further, TDC distinguishes its fraud claims from its contract claims, and suggests that the Proposed Defendants' purported interest in any contract cannot be fairly

---

[2] The court does not mean to suggest that no legitimate interest could, or even does, exist. Instead, the court merely concludes that Private Capital has not pointed to any such interest and thus does not meet their burden as movant.

implicated by TDC's fraud claims. (*Id.*) Private Capital responds that TDC cannot describe any contractual relationship with Private Capital without discussing the Loan Agreement, so that agreement's enforceability must be directly at issue. (ECF No. 33 at 6–7). The court agrees with TDC. First, Private Capital's conclusion does not follow from its argument. While Private Capital credibly argues the Loan Agreement is relevant here, it has not shown that resolution of TDC's claims will require the court to determine Proposed Defendants' rights and obligations under the Loan Agreement. At most, the court may need to determine whether payments were made under the Loan Agreement, but that fact is not in dispute. (*See* ECF No. 29 at 3). Second, Private Capital attempts to treat TDC's claims as seeking declaratory relief to determine the parties' and Proposed Defendants' rights under the Loan Agreement. Yet TDC makes no such claim. Instead, TDC alleges that Private Capital made misrepresentations, omitted material facts, and breached its contract with TDC (primarily an escrow agreement separate from, but related to, the Loan Agreement). Private Capital discusses many reasons the Loan Agreement may be relevant or related to this case, but no interest the Proposed Defendants claim related to the subject of this lawsuit. Thus, the court concludes Proposed Defendants are not required parties.

1. *Proposed Defendants' interests will not be impaired or impeded*

Similarly, Private Capital does not describe the manner in which Proposed Defendants' purported interest will be impaired or impeded. Private Capital baldly asserts the court will be required to define the Proposed Defendants' "role in the Loan Agreement." (ECF No. 29 at 8). Yet Private Capital does not explain why the court must define Proposed Defendants' role to dispose of Plaintiff's claims, let alone why that determination would impair the Proposed Defendants' nonfrivolous interests. For purposes of the present matter, it is not clear the extant parties dispute the Proposed Defendants' role in the events described in the complaint.

Additionally, Private Capital argues the Proposed Defendants' conduct is "inseparable" from the fraud alleged, citing to a case from the Southern District of New York. (*See* ECF No. 29 at 8 (citing *Vision en Analisis y Estrategia, S.A. de C.V. v. Andersen*, No. 14-CV-8016, 2015 WL 4510772, at *5 (S.D.N.Y. July 24, 2015), *aff'd sub nom. Visión en Análisis y Estrategia, S.A. v. Andersen*, 662 F. App'x 29 (2d Cir. 2016))). *Vision* is readily distinguishable from this case. As the *Vision* court noted, it found the entities indispensable because "they [we]re directly implicated throughout the Amended Complaint." *Id.* This is quite different from the present situation where the Proposed Defendants are not mentioned at all in the First or Second Amended Complaint. Accordingly, the court does not find the Proposed Defendants' conduct inseparable as that term is used in *Vision*.

### 2. *Proposed Defendants' absence will not leave any existing party subject to a substantial risk of inconsistent obligations*

Finally, Private Capital's last argument does not meet the requirements of Rule 19's plain language. Private Capital states there is a "substantial risk of . . . double, multiple, or otherwise inconsistent obligations." (ECF No. 29 at 9) (citing Fed. R. Civ. P. 19(a)(1)(B)(ii)). This quote appears to be designed to omit language unfavorable to Private Capital's argument. Rule 19 requires Private Capital to show that disposing of the case may: "**leave an existing party** subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii) (emphasis added). Private Capital speculates about future outcomes that could result in inconsistent judgments against the Proposed Defendants. Yet the Proposed Defendants are not existing parties.

Also, Private Capital argues that it may be forced to pursue the Proposed Defendants in a separate action. This claim rings hollow for an additional reason. Private Capital never suggests they are unable to file a third-party complaint against the Proposed Defendants if Private Capital

6

feels so strongly that it needs to vindicate its rights against them. Further, the present motion does not appear to seek such relief because it does not refer to Rule 14. Instead, Private Capital attempts to commandeer TDC's lawsuit to vindicate Private Capital's interests.

Ultimately, Private Capital identifies several reasons the Proposed Defendants may have information relevant to this lawsuit. Also, several of Private Capital's arguments suggest TDC could have chosen to bring claims against Proposed Defendants. Yet Private Capital has not shown the Proposed Defendants must be joined for Plaintiff's case to move forward.

## ORDER

Based on the foregoing, the court **DENIES** Private Capital's Motion for Mandatory Joinder. (ECF No. 29).

Dated this 20th day of October 2017.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge